**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Richard Kuebler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 3544 |
| | ) | |
| The Receivable Management Services | ) | |
| Corporation, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Richard Kuebler, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Richard Kuebler ("Kuebler"), is a citizen of the State of Ohio, from

whom Defendant attempted to collect a delinquent consumer debt owed for a Sprint

account, despite the fact that he was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, The Receivable Management Services Corporation ("RMS"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From its office in Naperville, Illinois, as well as offices in 18 other states, Defendant RMS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant RMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant RMS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, RMS conducts business in Illinois.

6.      Moreover, Defendant RMS is licensed as a collection agency in Naperville, Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, RMS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Mr. Kuebler is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Sprint account.  When RMS began trying to collect this debt from Mr. Kuebler, by sending him a collection letter dated February 14, 2011, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant RMS's collection actions.  A copy of Defendant's letter is attached as Exhibit C.

8.      Accordingly, on March 20, 2011, one of Mr. Kuebler's attorneys at LASPD informed RMS, in writing, that Mr. Kuebler was represented by counsel, and directed RMS to cease contacting him, and to cease all further collection activities because Mr. Kuebler was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, Defendant RMS sent a collection letter, dated March 29, 2011, directly to Mr. Kuebler, which demanded payment of the Sprint debt.  A copy of this letter is attached as Exhibit E.

10.     Accordingly, on May 1, 2011, one of Mr. Kuebler's LASPD attorneys had to again write to Defendant RMS to demand that it cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

11.     Defendant RMS's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant RMS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

3

15.     Here, the letter (Exhibit D) from Mr. Kuebler's, agent/attorney, LASPD, told Defendant RMS to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant RMS violated § 1692c(c) of the FDCPA.

16.     Defendant RMS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant RMS knew that Mr. Kuebler was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant RMS to cease directly communicating with him.  By directly sending Mr. Kuebler a collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendant RMS violated § 1692c(a)(2) of the FDCPA.

20.     Defendant RMS's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Richard Kuebler, prays that this Court:

4

1.    Find that Defendant RMS's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Kuebler, and against Defendant RMS,

for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a)

of the FDCPA; and,

3.    Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Richard Kuebler, demands trial by jury.

Richard Kuebler,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 26, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com